IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REBECCA A. MCQUEEN,

                Plaintiff,

v.                                           CIVIL ACTION NO. 3:11-0462

UNITED OF OMAHA LIFE
INSURANCE COMPANY, DONALD
RAY LILLY, STEVEN D. GIFFORD and
LISA A. SOWARDS,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Background**

This case arises from the negotiation, sale, and refusal to pay death benefits under a life insurance contract purchased by Plaintiff's late husband, Troy McQueen. In December of 2010, United of Omaha denied Plaintiff's claim for the death benefit. United of Omaha denied payment on the ground that the insured made material misrepresentations about his prior drug and alcohol abuse in his insurance application. Plaintiff originally filed in Mason County Court; Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Currently before the Court is Defendants' Motion to Dismiss (ECF No. 9). For the reasons explained below, Defendants' motion is **GRANTED in part, and DENIED in part.**

Plaintiff, the named beneficiary, asserts seven separate causes of action, two of which are the subject of the instant motion to dismiss. Specifically, United of Omaha moves to dismiss Count Two, which alleges violations of the West Virginia Unfair Trade Practices Act ("UTPA"). Separately, Defendants Gifford and Lilly move to dismiss Count Seven, which alleges that they were

negligent in their supervision of the United of Omaha Agent who sold the insurance policy that gives rise to this suit.

**II. Standard of Review**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id.* at 1950. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## III. Analysis

### A. Count Two: Unfair Trade Practices Act

United of Omaha moves to dismiss Plaintiff's UTPA claim on the ground that Plaintiff has not pleaded facts sufficient to show that any violation raised to the level of a "general business practice" as required by West Virginia Code § 33-11-4(9). *See White v. Am. Gen. Life Ins.*, 651 F.Supp.2d 530, 547 (S.D.W. Va. 2009) ("[T]he plaintiffs must 'demonstrate that the insurer (1) violated the UTPA in the handling of the claimant's claim and (2) that the insurer committed violations of the UTPA with such frequency as to indicate a general business practice.'"). In support

of its motion, United of Omaha relies primarily on cases involving dismissal at summary judgment. *See Mass. Mut. Life. Ins. Co. v. Jordan*, 2011 WL 1770435 (S.D.W. Va. May 9, 2011) (Dismissing UTPA claim at summary judgment); *Brooks v. Chase Home Finance, Inc.*, 2008 WL 2704603 (S.D.W. Va. July 3, 2008) (Dismissing UTPA claim at summary judgment).

The West Virginia Supreme Court of Appeals has recognized that a violation of W. Va. Code § 33-11-4(9) can be maintained based on the "the settlement of a single insurance claim." *Dodrill v. Nationwide Mut. Inc. Co.*, 491 S.E.2d 1, Syl. Pt. 1 (W. Va. 1996). While *Dodrill* requires a significant showing by a plaintiff seeking to prove a case based on the settlement of a single claim, Plaintiff's allegations are sufficient to survive a motion to dismiss. Defendant's motion to dismiss Count Two is **DENIED**.

### B. Count Seven: Negligence Against Messrs. Lilly and Gifford

Defendants Lilly and Gifford move to dismiss Count Seven, which alleges that they were negligent in their supervision of Defendant Sowards. The claim against Ms. Sowards is that she negligently advised Mr. McQueen to purchase new insurance rather than to renew his existing policy which was, at that point in time, not contestable. Plaintiff alleges that Defendant Sowards did so because she would receive a higher commission for a new policy than for a policy renewal. In support of their motion to dismiss, Defendants Lilly and Gifford rely on *Benson v. Continental Ins. Co.*, 120 F. Supp.2d 593 (S.D.W. Va. 2000) and *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp.2d 658 (S.D.W. Va. 2003). Though these two decisions involved fraudulent joinder, the Fourth Circuit has explained that the standard for fraudulent joinder "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)" *Hartley v. CSX Transp, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

The West Virginia Supreme Court of Appeals held in *Shrewsbery v. Nat'l Grange Mut. Ins. Co.*, 395 S.E.2d 745, 748 that "[An insurance agent] is not a party to a contract with the insured; rather, he helps the company procure and service the company's contract with the insured." This holding is consistent with the rule in West Virginia that an agent, acting within the scope of his authority, is not liable on a contract obtained for his disclosed principal. *Hoon v. Hyman*, 105 S.E. 925, 926 (W. Va. 1921). Chief Judge Haden aptly summarized this area of the law as follows:

> As a general rule, "[w]here the agent is the agent of the insurer, acts within the scope of his authority, and his principal is disclosed, he is not liable to the insured either in contract or in tort."43 Am. Jur.2d, Insurance § 138. West Virginia law specifically establishes a person who solicits an application for insurance is the agent of the insurer, not the insured. *See*, W. Va. Code § 33–12–23.

*Benson*, 120 F.Supp.2d at 595. In this case, Plaintiff's claim against Defendants Lilly and Gifford alleges negligent supervision of Defendant Sowards. Even if true, their duty to supervise Ms. Sowards arises solely from their duties as agents of United of Omaha. As such, there is no reasonable basis to conclude that West Virginia law would hold them liable to the plaintiff in either contract or tort. Defendants' motion to dismiss Count Seven is **GRANTED.**

## IV. Conclusion

For the reasons explained above, Defendants motion to dismiss is **GRANTED in part and DENIED in part**. In light of this ruling, the Court **ORDERS** that Defendants Lilly and Gifford be and hereby are **DISMISSED** from this action. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 2, 2011

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE